**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

HARWICK CHYA ABRAM, *

Plaintiff, *

v. * Civ. Action No. 8:21-cv-1991-PX

AEROTEK, INC., *

Defendant.

***

**MEMORANDUM OPINION**

This matter is before the Court on the motion to dismiss filed by Defendant Aerotek, Inc. ("Aerotek"). ECF No. 6. The motion is fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, the Court will GRANT the motion to dismiss.

## I. Background

Between March 25, 2015, and January 13, 2016, Plaintiff Harwick Chya Abram ("Abram") applied for several jobs with Aerotek. Aerotek, according to Abram, chose less qualified white applicants over her. ECF No. 2 ¶¶ 42–45, 47, 72. Abram, in response, complained formally to Aerotek representatives on April 10, 2015, and sometime in October 2015. *Id.* ¶¶ 65, 67. Aerotek investigated her allegations but took no corrective action and instead simply refused to hire her when she subsequently applied for open positions at the company. *Id.* ¶¶ 31–47.

On July 14, 2016, Abram filed a formal charge against Aerotek with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging discrimination and retaliation on the

basis of race, age, national origin, and sex.  ECF No. 2-2.  Abram received a right to sue letter from the EEOC on May 12, 2017.  ECF No. 2-3.

Abram next filed suit against Aerotek in the Circuit Court for Howard County, Maryland.  Aerotek timely removed the case to the United States District Court for the District of Maryland.  *See Harwick Chya Abram v. Aerotek, Inc.*, No. ELH-20-cv-00756 (the "First Action"), ECF No. 1, 3.  In the First Action, Abram alleged that Aerotek refused to hire her on account of her race and national origin, and retaliated against her for complaining, all in violation of 28 U.S.C. § 1981.  *See* First Action, ECF No. 3 at 9–12.  On September 23, 2020, the District Court dismissed the First Action as time barred.  *Id.*, ECF No. 20 at 14, 22.  The Court granted Abram leave to amend her Complaint, which Abram failed to do.  The First Action, therefore, was closed on December 8, 2020.  *Id.*, ECF No. 22.

Several months later, on May 11, 2021, Abram filed a separate lawsuit in the Circuit Court for Montgomery County, Maryland, again challenging Aerotek's refusal to hire her between March 25, 2015, and January 13, 2016, as amounting to race discrimination and retaliation.  ECF No. 2.  The Complaint also added claims of sex and age discrimination stemming from the same conduct.  ECF No. 2 ¶¶ 47, 56, 72, 103–130.

Aerotek timely removed the action to this Court on August 6, 2021.  ECF No. 1.  Aerotek now moves to dismiss the Complaint, arguing that Abram cannot relitigate claims already fully and finally decided.  ECF No. 6.  Because the current Complaint is barred by res judicata, the Court must grant Aerotek's motion.

## II. Standard of Review

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). A complaint need only satisfy the standard of Rule 8(a), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But if an affirmative defense "clearly appears on the face of the complaint," the Court may rule on the defense when determining the merits of a motion to dismiss. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quoting *Richmond, Fredericksburg, & Potomic R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must include facts that render the plaintiff's claims facially plausible or permit the reasonable inference that she is entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Generally, pro se pleadings are held to "'less stringent standards'" than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a pro se complaint must be dismissed if it does not allege a plausible claim for relief." *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (internal quotes omitted).

**III. Discussion**

Aerotek urges that the claims raised in this Complaint are barred as res judicata. ECF No. 6-1 at 1. The doctrine of res judicata may be raised as a defense to claims which have previously been litigated to "final judgment on the merits." *Montana v. United States*, 440 U.S. 147, 153 (1979). The doctrine prevents parties from "'relitigating an identical issue with the same party or his privy,'" after having had a full and fair opportunity initially to press their claims. *Lauren Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161–62 (4th Cir. 2008) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). Especially pertinent here, claims that were not—but could have been—raised in the original suit cannot be litigated thereafter. *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013).[1]

To ascertain whether a claim is barred by res judicata, the Court considers (1) whether the prior claims reached a final judgment on the merits; (2) whether the claims in the original suit are identical to the new claims; and (3) the identity of the parties or their privies in both suits. *See Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016) (citation omitted). The Court must also take into account "two practical considerations." *Grausz v. Englander*, 321 F.3d 467, 473–74 (4th Cir. 2003) (citation omitted). The Court should consider whether the party knew or should have known about the claim at the time of the first litigation, and whether the prior court had been an "effective forum" to litigate the claim. *Id.*

To begin, each of the res judicata elements is indisputably satisfied. As to whether the First Action constitutes a final judgment on the merits, Abram pursued race discrimination claims arising from the same conduct pleaded in this case. The parties had a full and fair opportunity to be heard as to the timeliness of the claims. *See* First Action, ECF No. 20 at 13–

[1] Because the First Action exclusively raised federal statutory violations, federal common law determines its potential preclusive effect. *See Taylor v. Sturgell*, 553 U.S. 880, 890 (2008).

14. Lastly, dismissal of the claims on limitations grounds constitutes a final judgment on the merits. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1180 (4th Cir. 1989) (dismissal on statute of limitations grounds is an adjudication on the merits).

As to the second element, the parties are identical in both actions. Abram is the sole Plaintiff and Aerotek, the sole defendant. Likewise, the claims in both lawsuits overlap as to the race-based allegations and thus are clearly "identical." But even as to the newly added bases asserted to support a discrimination claim, they too are considered "identical" for purposes of res judicata. This is because res judicata bars any "'newly articulated claim[]' if it is based on the same underlying transaction and could have been brought in the earlier action." *Clodfelter*, 720 F.3d at 210 (citing *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008)) (alteration in original). The First Action and this one clearly share a common core of facts arising from Abram having applied to Aerotek for several positions between March 2015 and January 2016, and for which she was not hired. In this action, Abram simply adds alternative theories of discrimination—sex and age—based on the identical facts and circumstances that she had previously pleaded. *Compare* First Action, ECF No. 3 at 1, 8–11 *with* Second Action, ECF No. 2 at 1, 12–17. Accordingly, the identity of claims that were or could have been brought is evident. *See Laurel Sand & Gravel, Inc.*, 519 F.3d at 162 (internal citation and quotes omitted).

As to the "practical" considerations, nothing suggests that Abram was unaware of the alternate liability theories when she filed the first action. In fact, the Court in the First Action generously afforded Abram an opportunity to amend the Complaint, and never did Abram attempt to do so. The First Action, furthermore, pressed federal statutory claims in federal court, certainly an "effective" forum to litigate the claims. The practical considerations, therefore, support dismissal on res judicata grounds.

## IV. Conclusion

Because the claims raised in the Complaint are barred under the doctrine of res judicata, Aerotek's motion to dismiss is granted. The claims are dismissed with prejudice.

A separate Order follows.

11/8/2021
Date

/S/
Paula Xinis
United States District Judge